IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 09-cv-01025-RPM

VIDEO PROFESSOR, INC.,

    Plaintiff,

v.

DEAN GRAZIOSI,
RYAN PATTEN a/k/a RYAN JACKSON,
INFOMERCIAL CONSUMER AWARENESS, INC.,
JUSTIN LEONARD,
LEONARD FITNESS, INC.,
JOHN DOES 1-10, all whose true names are unknown,
All the above d/b/a INFOMERCIALSCAMS. COM,

    Defendants.
_____

ORDER DENYING MOTION FOR ATTORNEY FEES AND COSTS BY DEFENDANTS
JUSTIN LEONARD AND LEONARD FITNESS, INC.
_____

This civil action was terminated by an order entered on July 9, 2009, pursuant to the plaintiff's notice of voluntary dismissal filed July 7, 2009, based on settlements with defendants other than Justin Leonard and Leonard Fitness, Inc., and as to those defendants a Stipulated Notice of Dismissal, filed July 8, 2009, in which they reserved the right to file a motion for an award of attorney fees and/or a bill of costs.

That motion was filed on July 22, 2009, seeking sanctions pursuant to Rule 11 and under 28 U.S.C. § 1927 on the ground that "plaintiff and its counsel should be subjected to sanctions under Rule 11, in that they maintained the action even after they learned that their factual contentions about Leonard lacked evidentiary support, and under 28 U.S.C. § 1927 because they multiplied litigation."

The plaintiff filed a complaint against these and six other defendants on May 1,

2009, alleging the following claims for relief:

> First Claim for Relief: Violation of RICO - 18 U.S.C. § 1962(c)
> Second Claim for Relief: Violation of COCCA - C.R.S. § 18-17-101, *et. seq.*
> Third Claim for Relief: Constructive Fraud
> Fourth Claim for Relief: Violation of Colorado Consumer Protection Act C.R.S. § 6-1-105
> Fifth Claim for Relief: Unfair Competition
> Sixth Claim for Relief: Tortious Interference with Business Relationships
> Seventh Claim for Relief: Commercial Disparagement
> Eighth Claim for Relief: Libel *Per Se*
> Ninth Claim for Relief: Accounting
> Tenth Claim for Relief: Imposition of a Constructive Trust upon Illegal Profits.

In summary, the plaintiff, Video Professor ("VPI"), alleged a scheme that the defendants engaged in extortion through the use of a website "Infomercialscams.com." The website allegedly solicited "libelous bashes about VIP and other companies, and, in exchange for an initial fee of $100,000.00, and monthly payments of $10,000.00 for five years thereafter, the web site would "clean-up" VPI's image by removing all negative posts and commentary from the web site and, in its place, provide complimentary remarks about VIP." (Plaintiff's Response in Opposition to Motion for Award of Attorneys Fees and Costs, p. 2). Paragraph 8 of the complaint alleged that the Leonard defendants are "associated with" the other defendants and "do business as Infomercialscams."

Defendants Leonard Fitness and Justin Leonard were served on May 8 and 11, 2009, respectively. Beginning the next day, defendants' counsel, Paul Levy, conferred with plaintiff's counsel, Gregory Smith, in an effort to get the Leonard defendants dismissed from the case, on the ground that Leonard had sold his interest in the website some time before the alleged bad acts. Communications between counsel can be found at Plaintiff's Response, Exhibits C, D, E, F, G, H, I, J, K, L, M, N, O and P.

Plaintiff's counsel was not satisfied with the representations made by defendants' counsel and, in turn, defendants' counsel threatened a Rule 11 motion.  On June 5, 2009, plaintiff filed a Motion for Preliminary Injunction and a Motion to Expedite Discovery.  On June 17, 2009, Leonard filed a Motion to Dismiss or For Summary Judgment, challenging personal jurisdiction, attacking the legal theories and attached an affidavit from Justin Leonard saying that he had sold the website and had no connection with the other named defendants.

After the motion for preliminary injunction was filed, plaintiff negotiated with the non-Leonard defendants and secured an agreement to shut down the Infomercialscams website.  Pursuant to that agreement, and as set forth in Plaintiff's Response, "counsel filed a Notice of Dismissal dismissing the defendants, save Levy's clients.  Having achieved its goal in the Action, *i.e.*, shutting down the Web site, on July 8, 2009, five days before VPI's response to the Leonard Defendants' Motion to Dismiss was due, undersigned contacted Levy and advised him of the settlement and offered to voluntarily dismiss his clients.: (Plaintiff's Response, p.10).  The plaintiff and Leonard defendants filed a stipulated notice of dismissal that included the language that the defendants reserved the right to file a motion for attorney fees and costs.

From the extensive briefing on this motion, it appears that acrimonious e-mail exchanges between counsel developed into suspicions as to the veracity of representations being made concerning Mr. Leonard's involvement and the motivations behind pursuit of him in this case after a voluntary dismissal of an earlier civil action filed by Video Professor, Inc., against John Doe defendants in which the plaintiff sought discovery of user names.  Counsel for the moving defendants have suggested that John

Scherer, the owner of the plaintiff pursued this case against Mr. Leonard and his company out of vindictiveness.

It is apparent that the subject motion raises issues which are beyond the reach of Rule 11 and 28 U.S.C. § 1927. Those issues may be pursued in a different forum but the adjudication of them is not appropriate in this closed case.

Accordingly, it is

ORDERED that the Motion for Award of Attorney Fees and Costs [30] is denied without any adjudication as to the merits of the plaintiff's conduct of this litigation against the defendants Justin Leonard and Leonard Fitness, Inc.

DATED: January 29th, 2010

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge